The Honorable George Hopkins State Senator P.O. Box 913 804 East Page Avenue Malvern, AR 72104
Dear Senator Hopkins:
This is in response to your request for an opinion regarding the Teacher Fair Dismissal Act (hereinafter "TFDA"), which is codified as A.C.A. §§6-17-1501 to -1510 (Repl. 1993). The specific question posed is whether an Institutional Instructor II at the Alexander Youth Services Center (Department of Human Services) is covered by the TFDA. According to correspondence attached to your request, the Alexander Youth Services Center is classified as a school district by the Arkansas Department of Education ("ADE"), and Institutional Instructor IIs are required to be certified in the subject area by the ADE.
Although the answer to this question is not entirely clear from the TFDA, the language of A.C.A. § 9-28-205 (Supp. 1995) (pertaining to youth services centers), construed in light of the case of Allred v. ArkansasDep't of Correction Sch. Dist., 322 Ark. 772, 912 S.W.2d 4 (1995), compels me to conclude that this instructor position in all likelihood is not covered by the TFDA.
As stated in Allred, supra, the Teacher Fair Dismissal Act of 1983 governs the dismissal of teachers within the state's public school system. 322 Ark. at 774. The term "teacher" is defined in the Act as any person, other than a superintendent or assistant superintendent, employed in an Arkansas "public school district" who is required to hold a teaching certificate as a condition of employment. A.C.A. §6-17-1502(a)(1). The term "public school district" is not defined.Allred offers guidance in this regard, however, wherein the Arkansas Supreme Court determined that the Department of Correction School District (created under A.C.A. § 12-29-301 (Repl. 1995)) is a public school district subject to the TFDA. The court accepted the appellant's argument, citing A.C.A. § 6-13-101 (Repl. 1993),[1] that the General Assembly has authorized the creation of only one type of school district, and that type is a "public school district." 322 Ark. at 778. The court then concluded:
 While the Department's school district is certainly different from other public school districts, it is clear from reading Ark. Code Ann. §§ 12-29-301 to -310 (1987) and Supp. 1993), and emergency clauses of associated acts that the General Assembly intended to establish a public school district within the Department of Correction for the benefit of both the free and the incarcerated populations. [Emphasis added.]
Id.
This finding was clearly pivotal to the court's conclusion, i.e., the court was persuaded that "the General Assembly has created a publicschool district within the institution for rehabilitative purposes." Id.
at 778-779 (emphasis added). This followed from the language of the statutes and several emergency clauses. Section 12-29-301(a) designates properties occupied by the Department of Correction as "a school district to be known as the Department of Correction School District." A.C.A. §12-29-301(a) (Repl. 1995). See also § 12-29-303 (providing that "[t]he schools established under the provisions of this subchapter . . . shall be entitled to all of the privileges provided generally to common public schools.") The district was created "for the purpose of providing elementary, secondary and vocational and technical education to all persons incarcerated in the Department of Correction facilities who are not high school graduates, irrespective of age." § 12-29-301(b). The Board of Correction and Community Punishment acts as "the school board for the school district." § 12-29-301(c). The emergency clause to Act 671 of 1989 which amended the original act establishing the Department's school district was also cited wherein it states, regarding funding of "the public school program operated in the Department[,]" that "funds generated from various programs within the department may be utilized in support of the public school district within the department[.]" (Emphasis added). Acts 1989, No. 671, § 4, cited at 322 Ark. at 775.
A review of the relevant provisions governing the youth services centers and facilities fails to yield any similar expression of legislative intent to create a public school district within such centers or facilities. Although education is clearly a component of the youth services programs (see A.C.A. § 9-28-205 (Supp. 1995) regarding the development of programs suitable for, inter alia, the "education . . . of youths" and the preparation of "courses of study" and the employment of teachers), there is no clear indication that a youth services center or any other discernible program within the Division of Youth Services is intended to operate as a publicly supported school district. Indeed, it could be argued that Section 9-28-205 suggests to the contrary wherein it makes reference to the "public schools" of the state in connection with courses of study and course credit. The minimum standards prescribed for public schools would presumably not apply otherwise, nor would the students receive public school course credit. See A.C.A. § 9-28-205(c) and (d).
It should perhaps be noted, finally, that the decision in Allred, supra,
also turned upon the fact that the Department of Correction School District received federal funds and state funds from the Departments of Education and Correction. 322 Ark. at 778, citing A.C.A. § 12-29-304(a). It is my understanding that the youth services centers receive both federal and state funds. They are declared to be "educational institutions" entitled to the rights and privileges of "other accredited institutions." They do not, however, receive funds from the Department of Education. Allred may also be distinguishable on that basis.
In conclusion, therefore, based upon the foregoing, it is my opinion that the Alexander Youth Services Center is not part of the state's public school system, and that an instructor working at the center is not employed in an Arkansas "public school district" for purposes of the TFDA.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Section 6-13-101 provides as follows:
 (a) There shall be only one (1) kind of school district in this state, and each shall have the same prerogatives, powers, duties, and privileges as herein set forth.
 (b) All school districts which may be hereafter created shall be the same kind, with the same prerogatives, powers, duties, and privileges as provided by law.